```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DIANE THAYSE,

                Plaintiff,

vs.                                    Case No. 2:06-cv-38-FtM-29DNF

GARY ANDERSON, Arvida Real Estate/St. Joe's Real Estate, ANGELITA CROKER, Avida Real Estate/St. Joe's Real Estate, ROBERT OSBORNE, Coldwell Banker McFadden Sprowels, THOMAS GULKUMAN , Coldwell Banker McFadden Sprowels, JOHN STEVENS, Americispec Home Inspection Services, JOHN HASSEY, Americispec Home Inspection Services, ROBERT OSBORNE, Coldwell Banker McFadden Sprowel/Cendant Mobility Corp., MATTHEW JACKSON, Smoot Adams Edwards & Brinson, ANDREW RINGERS, Henderson Franklin,  SYLIVA GOLDEN NORRIS, STEVEN KOEPPEL, ROBERT COOK,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on twenty-seven (27) pending motions and various responses. On March 9, 2006, the Court *sua sponte* entered an Order (Doc. #7) directing plaintiff to file an amended complaint and giving her instructions as to the federal pleading requirements. On March 29, 2006, plaintiff filed an Amended Complaint (Doc. #9). On October 4, 2006, plaintiff filed a Third Amended Complaint (Doc. #82) without leave of the Court. This unauthorized Third Amended Complaint will be stricken pursuant to Fed. R. Civ. P. 15(a), both because leave was not

sought or granted and because it fails to state claims upon which relief may be granted as to either the original or the newly-named defendants, and thus its filing would be futile.

While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharmaceuticals, Inc. V. Broudo, 125 S.Ct. 1627, 1634 (2005). Federal notice pleading "requires that a complaint contain inferential allegations from which [a court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001), cert. denied, 534 U.S. 1129 (2002). To the extent a complaint alleges fraud, fraudulent misrepresentation, or active concealment, plaintiff must comply with Fed. R. Civ. P. 9(b), which provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) requires a complaint to set forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202

(11th Cir. 2001). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 28 F.3d 1008, 1012 (11th Cir. 2005).

After reviewing the Amended Complaint, and giving it the deferential reading required when a *pro se* litigant is involved, the Court finds only two possible claims stated against two defendants. The Amended Complaint states that defendant John Hussey, a home inspector with AmeriSpec Home Inspection Services, provided a report stating repairs were made to the house when they had not been made (Doc. #9, ¶¶ 22, 26.) These allegations are sufficient to state a claim for fraud, even if not a violation of the statutes. Additionally, defendant Robert Cooke is alleged to have fraudulently completed a disclosure document in which he failed to disclose the need for replacement tile with an estimated cost of $10,000. (Doc. #9, ¶ 29.) This is also sufficient to state a claim of fraud. None of the other allegations state any viable claim against any of the named defendants.

While the two claims are sufficiently stated, there is no assertion that the amount in controversy exceeds the jurisdictional amount required, i.e. $75,000 exclusive of interest and costs. 28 U.S. C. § 1332(a). Indeed, the facts pled relating to these to counts establish that the amount at issue is far less than that amount. Accordingly, the Court lacks jurisdiction and these two counts in the Amended Complaint will be dismissed.

In plaintiff's numerous filings, the Court has construed seven motions for sanctions against various defendants. (Docs. #67, 68, 70, 72, 74, 77, 78, 94.) Having reviewed the arguments presented by the parties, the Court does not find that sanctions are warranted at this time.

Accordingly, it is now

**ORDERED:**

1. Defendants' Henderson, Franklin, Starnes & Holt, P.A., James Nulman and Andrew Ringers' Motion to Dismiss Amended Complaint with Prejudice (Doc. #16) is **GRANTED IN PART AND DENIED IN PART.** The Amended Complaint is dismissed without prejudice against these defendants, and the Motion to Dismiss is otherwise denied.

2. Defendants Angelita Croker, Gary Anderson and Sylvia Golden Norris, Esquire's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #21) is **GRANTED IN PART AND DENIED IN PART.** The Amended Complaint is dismissed without prejudice against these defendants, and the Motion to Dismiss is otherwise denied. The Motion for More Definite Statement (Doc. #21) and the Motion to Strike (Doc. #21) are denied as moot.

3. Defendant, Arvida Real Estate/Sts. Joe's Real Estate's Motion to Dismiss and/or for More Definite Statement regarding Plaintiff's Amended Complaint (Doc. #33) is **GRANTED IN PART AND DENIED IN PART.** The Amended Complaint is dismissed without

prejudice against these defendants, and the Motion to Dismiss is otherwise denied.  The Motion for More Definite Statement (Doc. #33) is denied as moot.

    4.  Defendant Steven G. Koeppel's Motion to Dismiss and Motion for Sanctions (Doc. #55) is **GRANTED IN PART AND DENIED IN PART**.  The Amended Complaint is dismissed without prejudice against this defendant, and the Motion to Dismiss is otherwise denied.  The Motion for More Definite Statement (Doc. #55) and Motion to Strike (Doc. #55) are denied as moot.  The Motion for Sanctions (Doc. #55) is denied because defendant presented no argument in support of imposing sanctions.

    5.  Dispositive Motion to Dismiss by Defendants Robert Osbourne, Thomas Gunkelman, and Coldwell Banker McFadden Sprowls (Doc. #61) is **GRANTED IN PART AND DENIED IN PART**.  The Amended Complaint is dismissed without prejudice against these defendants, and the Motion to Dismiss is otherwise denied.

    6.  Plaintiff's Motions for Sanctions and Motions to Strike (Docs. #67, 68, 70, 72, 74, 77, 78, 94, 102) are **DENIED.**

    7.  Defendants Motion for Attorney Fees Pursuant to Rule 11 (Doc. #40) is **DENIED.**

    8.  The Clerk of the Court shall terminate all other pending motions as moot, and close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of November, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of record
DCCD